UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TRISTAN SCHULTIS, M.D. | ) | CIVIL ACTION |
| | ) | |
| Vs. | ) | Case No. 1:08CV00083LMB |
| | ) | |
| ADVANCED HEALTH CARE | ) | |
| MANAGEMENT SERVICES, LLC | ) | |
| | ) | |

**AMENDED COUNTERCLAIM FOR JUDGMENT, DECLARATORY
JUDGMENT, DAMAGES,
AND OTHER EQUITABLE RELIEF**

Defendant Advanced Health Care Management Services, LLC ("AHCMS" or "Defendant"), by and through its attorneys, Hackworth, Hackworth & Ferguson, LLC, pursuant to Federal Court Rule 13(a) hereby provides its Amended Counterclaim against Tristan Schultis, M.D. ("Schultis" or "Plaintiff"), and for such, states as follows:

I. Parties, Jurisdiction and Venue

1. This court has jurisdiction of this claim pursuant to 28 U.S.C. §1367 as the claims contained in this counterclaim are directly related to the action filed by Plaintiff in which the court has original jurisdiction pursuant to 28 U.S.C. §1332.

2. Venue is proper in that, pursuant to the Physician Employment Agreement entered into by the parties on February 10, 2006, ("Agreement), Exhibit 1, the parties agreed that the choice of forum was Butler County, Missouri, which is within the jurisdiction of this Honorable Court.

II. Factual Background

3. On February 10, 2006, Schultis and AHCMS entered into a Physician



Employment Agreement wherein Schultis agreed to perform services for the benefit of AHCMS for and in consideration of employee benefits as set forth in the Agreement. Exhibit 1

4. The Agreement provides for a twenty-four (24) month term with said term to automatically renew for successive one year periods under the terms effective at the time of renewal unless either party gives written notice to the other party of his or its intent not to renew at least sixty (60) days prior to the end of any Term. (Para. 5(a) of Agreement)

5. Pursuant to the Agreement, a "variable compensation" formula was established for the benefit of Schultis as set forth more specifically in Exhibit 1.

6. Schultis received income from AHCMS pursuant to the "variable compensation" formula.

7. AHCMS inadvertently overpaid Schultis income pursuant to the "variable compensation" formula in an amount to be determined by further audit of the billing records but believed by AHCMS to exceed $25,000.00.

8. Schultis has been unjustly enriched by AHCMS in an amount to be determined at a later date after an audit has been completed.

9. Pursuant to the Agreement, either Schultis or AHCMS may terminate Physician's employment with or without cause at any time by giving notice to the other party at least sixty (60) days prior to termination. (Paragraph 5(b)(4) of Agreement).

10. Pursuant to the Agreement, AHCMS was not required to provide "tail end" medical malpractice coverage for the benefit of Schultis or AHCMS if :

> "(i) Hospital terminated this Agreement pursuant to the provisions of Section 5(b)(2) or 5(b)(3); (ii) Physician terminates this Agreement pursuant to Section 5(b)(4); or (iii)the Agreement automatically terminates pursuant to Section 5(b)(5) due to Physician's loss of his medical license in Missouri, Physician's ineligibility to be insured

against medical malpractice, Physician's unprofessional conduct, Physician's conviction of a felony, Physician's exclusion from a government payment program or Physician's loss of medical staff privileges." (Paragraph 3(b) of the Agreement)

11. On March 31, 2008, Schultis provided a written notice to AHCMS advising that he was terminating his employment effective April 18, 2008. <u>Exhibit 2.</u>

12. Schultis failed to provide to AHCMS notice that he intended to terminate his employment at least sixty (60) days prior to the initial two (2) year term expiring, pursuant to paragraph 5(a) of the Agreement.

13. Pursuant to the terms of the Agreement and Schultis' failure to provide notice of termination in a timely manner under the Agreement, it was automatically renewed.

14. On April 2, 2008, AHCMS, by its Chief Executive Officer, Paula Harris, provided written notice to Schultis that his resignation would be accepted despite his failure to provide the required 60 days notice and that his decision to optionally terminate his employment would require that he provide tail end malpractice coverage pursuant to the Agreement. <u>Exhibit 3.</u>

15. On April 10, 2008, Schultis advised AHCMS Chief Executive Officer Paula Harris that he would provide the tail coverage and he signed an Authorization to Bind Coverage on that date. <u>Exhibit 4.</u>

16. Schultis' optional termination was made pursuant to paragraph 5(b)(4) of the Agreement.

17. Pursuant to the Agreement, Schultis was required to purchase medical malpractice "tail end" insurance coverage in accordance the terms of Section 3(b) of the Agreement.

18. Schultis has failed to obtain tail medical malpractice insurance coverage for the benefit of himself and AHCMS.

19. AHCMS avers that the conditions for the purchase by Schultis of tail coverage were met and that Schultis breached the Agreement in this regard by failing to provide tail coverage after the termination of the Agreement.

20. AHCMS has been damaged by Schultis' failure to provide tail coverage as it has been forced to pay for and continue Schultis' active coverage at $3,682.92 per month as any lapse in this coverage would make it impossible for tail coverage to be purchased.

21. AHCMS seeks judgment against Schultis for reimbursement of the income he was Inadvertently overpaid under the "Variable Compensation" formula; a declaratory judgment, pursuant to 28 U.S.C. §2220 that Schultis breached the Agreement by failing to provide tail coverage and in due course an Order requiring Schultis to furnish said insurance coverage; and that Schultis be ordered to reimburse AHCMS for the monthly medical malpractice insurance premiums that they have paid on his behalf since Dr. Schultis left their employment at $3,682.92 per month from April 2008 to December, 2008.

WHEREFORE, Defendant respectfully prays that this court enter a Judgment against Plaintiff for reimbursement of the amount he was inadvertently paid and unjustly enriched by Defendant; a Declaratory Judgment pursuant to 28 U.S.C. §2220, finding that Plaintiff breached the Agreement and that he must provide said coverage; and in due course an Order requiring Schultis to furnish said insurance coverage, and that Schultis be ordered to reimburse AHCMS for the monthly medical malpractice insurance premiums that they have paid on his behalf since Dr. Schultis left their employment at $3,682.92 per month from April, 2008 to December, 2008.

HACKWORTH, HACKWORTH &
FERGUSON, L.L.C.

By: _____
L. Dwayne Hackworth, #3299
Joy J. Ferguson, #106465
Hackworth, Hackworth & Ferguson, L.L.C.
1401 North Main, Suite 200
Piedmont, MO 63957
(573) 223-4247      Telelphone
(573) 223-2537      Fax
info@hackworthlawoffice.com
ATTORNEYS FOR DEFENDANT ADVANCED
HEALTH CARE MANAGEMENT SERVICES
LLC